# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION FILE |
| v. | |
| DANIEL ERIC JAY, | NO. 1:20-CR-228-MHC-JKL-2 |
| Defendant. | |

## ORDER

Defendant Daniel Eric Jay ("Jay") has been charged with one count of conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349, two counts of wire fraud in violation of 18 U.S.C. § 1343, and one count of bank fraud in violation of 18 U.S.C. § 1344. Second Superseding Criminal Indictment [Doc. 96]. When Jay first appeared in this Court after his arrest in the Western District of Pennsylvania, he was appointed counsel for his initial appearance [Doc. 5] followed by the appointment of Kamal Ghali of the law firm Bondurant, Mixson & Elmore on July 30, 2020, to represent him during his criminal proceedings [Doc. 49]. On October 19, 2020, Megan Cambre of the same law firm entered an appearance as counsel for Jay [Doc. 91].

On January 4, 2021, Mr. Ghali and Ms. Cambre filed a motion to withdraw as counsel for Jay based upon pro se filings made by Jay which may have indicated

a desire to represent himself [Doc. 131]. Following that filing, Magistrate Judge

Larkins conducted a <u>Faretta</u>[1] hearing, granted Mr. Ghali's and Ms. Cambre's

motion to withdraw, and indicated he would appoint standby counsel for Jay [Doc.

162]. L Burton Finlayson was appointed to represent Jay as standby counsel on

February 18, 2021 [Doc. 165]. On June 21, 2021, a pretrial conference was held

before Judge Larkins, at which Jay indicated that he no longer wished to represent

himself and consented to having Mr. Finlayson represent him in this case, resulting

in the appointment of Mr. Finlayson as Jay's counsel [Doc. 201].

This case was certified ready for trial on September 8, 2021 [Doc. 214].

Based on Jay's request, the Court scheduled the matter for a plea hearing but, on

December 14, 2021, Jay indicated he did not want to go forward with a plea [Doc.

260]. A trial in this case was scheduled for July 19, 2022 [Doc. 264].

On July 1, 2022, a petition for action on conditions of supervised release was

filed, alleging that Jay had violated the conditions of his release [Doc. 277]. Judge

Larkins issued a warrant for Jay's arrest on June 29, 2022 [Doc. 277]. The United

States Probation Office informed this Court that authorities both here and in the

Western District of Pennsylvania, where Jay's release was being supervised, had

---

[1] <u>Faretta v. California</u>, 422 U.S. 806 (1975).

no knowledge of Jay's where abouts. On July 19, 2022, this Court and counsel for the parties appeared to try this case, but Jay did not appear [Doc. 288]. This Court then entered a bench warrant for Jay's arrest.

On the same day as the scheduled trial, Jay filed by mail "notices" which included the types of documents and language filed frequently by self-proclaimed "sovereign citizens"[2] [Docs. 286, 287], which was followed on July 21, 2022, with a pro se Motion to Dismiss the Indictment [Doc. 289]. At this time, Jay is still a fugitive.

As Jay is currently represented by counsel, this court has the discretion to reject his pro se filings. United States v. Cross, 962 F.3d 892, 899 (7th Cir. 2020); United States v. Flowers, 428 F. App'x 526, 530 (6th Cir. 2011); United States v. Pearl, 324 F.3d 1210, 1216 (10th Cir. 2003). Therefore, it is hereby **ORDERED** that Jay's pro se Motion to Dismiss Indictment [Doc. 289] is **DENIED**. The Court

---

[2] Courts routinely, summarily, and firmly reject sovereign citizen legal theories as "frivolous." United States v. Sterling, 738 F.3d 228, 233 (11th Cir. 2013) (citing United States v. Benabe, 654 F.3d 753, 761 (7th Cir. 2011) ("[Sovereign citizen] theories should be rejected summarily, however they are presented.")); see also United States v. Davis, 1:13-cr-0058, 2015 WL 12551076 at *1 (N.D. Ga. July 1, 2015) ("[L]egal theories of 'sovereign citizens' are not established law in this court or anywhere in this country's valid legal system.").

will consider any filings made by Jay pro se if he appears personally and provides

reasons why this Court should consider such filings despite his current

representation.  However, as long as Jay is a fugitive and remains represented by

counsel, the Court will continue to deny any and all pro se motions made by Jay in

this case.

     **IT IS SO ORDERED** this 22nd day of July, 2022.


_____
MARK H. COHEN
United States District Judge